RIEHM v. FAYERWEATHER.

1. BASTARDS—QUASI-CRIMINAL STATUTE—PATERNITY.
     The statute relative to the maintenance of children born out of wedlock whereby the mother accuses a man of being the father of her child is a quasi-criminal statute having a principal purpose of indemnifying the public for the support of the child and determines whether or not the accused is the father of the child (CL 1948, § 722.601).

2. SAME—LEGITIMATION OF CHILD—MARRIAGE—ACKNOWLEDGMENT OF PATERNITY.
     Portion of probate code, providing for manner in which an illegitimate child may become legitimate either by marriage of the parents or by acknowledgment of the parentage of the child and for the execution and recording of the acknowledgment in the office of the judge of probate, was to abrogate the common-law rule preventing an illegitimate child from inheriting as the heir of the father (CLS 1954, § 702.83).

3. SAME — ACKNOWLEDGMENT OF PATERNITY — EQUITY — CONDITION PRECEDENT TO JURISDICTION — SUPPORT OF CHILD.
     Acknowledgment of paternity of an illegitimate child is a condition precedent to jurisdiction of equity court under statute providing for the support of the child but containing no provision for the determination of paternity (CL 1948, § 722.-612).

REFERENCES FOR POINTS IN HEADNOTES
[2] 7 Am Jur, Bastards §§ 51–59.
[3] 7 Am Jur, Bastards § 69.

4. COSTS—CONSTRUCTION OF STATUTE.
   No costs are awarded by Supreme Court on defendant's appeal
   in suit by child's mother against claimed father for support
   of her child, where construction of a statute is involved (CL
   1948, §§ 722.601, 722.612; CLS 1954, § 702.83).

Appeal from Wayne; Jayne (Ira W.), J. Submitted October 6, 1955. (Docket No. 41, Calendar No. 46,522.) Decided December 1, 1955.

Bill by Frances Riehm against William J. Fayerweather praying for determination of parentage of child and provision for its support. Defendant's motion to dismiss denied. Defendant appeals. Reversed and order to dismiss directed to be entered.

*Buckingham, Piggins, Rehn & Balmer,* for plaintiff.

*Coy & Lannelli,* for defendant.

SHARPE, J. This is a chancery action brought by Frances Riehm, the mother of an illegitimate child, praying for a decree providing for the support of the child by its alleged father.

The action was brought under CL 1948, § 722.612 (Stat Ann 1953 Cum Supp § 25.462):

"Whenever the father of an illegitimate child has acknowledged said child to be his child, and no order or arrangement for the support of said child as provided in this chapter having been made, the mother of such child may file a bill of complaint in the circuit court in chancery of the county in which such child resides, praying for the entry of a decree providing for the support of such child. The father of an illegitimate child may file a bill of complaint in the circuit court in chancery of the county in which such child resides praying for the entry of a decree providing for the support of such child unless an order providing therefor has been made or proceedings in-

stituted therefor as provided in this chapter. The other parent of such child shall be made a party defendant in such bill of complaint. Service of process, pleadings and practice in such proceedings shall be in accordance with the statutes and rules governing pleadings and practice in chancery cases. The court shall, following hearing thereon, enter an order or decree making like provision for the support of such child as by an order, entry of which is authorized by this chapter. The court may require the friend of the court, if there be one in such county, and if not, the prosecuting attorney, to make an investigation of the facts, and report to the court concerning the same. Such order or decree may be enforced in like manner as a provision for payment of funds for the support of a child in the decree of divorce or order entered in divorce proceedings. Entry of a decree or order as authorized in this section or the pendency of a bill of complaint filed therefor shall be a bar to the issuance of a warrant or prosecution thereof upon complaint as authorized by this chapter, in case such complaint is made after the filing of such bill of complaint."

Defendant filed a motion to dismiss plaintiff's bill of complaint, quoted in part as follows:

"Plaintiff's bill of complaint is an action to establish the paternity of a child and compel defendant to support said child as provided in CL 1948, § 722.612 (Stat Ann 1953 Cum Supp § 25.462), that said statute requires that the action can only be brought 'Whenever the father of an illegitimate child has acknowledged said child to be his child;' that CLS 1954, § 702.83 (Stat Ann 1953 Cum Supp § 27.3178 [153]) sets forth the necessary requirements as to the acknowledgment of a child and the attorney for plaintiff has admitted at the pre-trial and discovery proceedings that defendant has never acknowledged said child in compliance with the provisions of said statutes."

The trial court denied defendant's motion to dismiss plaintiff's bill of complaint, and in an opinion stated:

"We conclude that for the plaintiff to seek the benefit of this statute CL 1948, § 722.612 (Stat Ann 1953 Cum Supp § 25.462), it is not necessary that she present an *acknowledgment* as provided in CLS 1954, § 702.83 (Stat Ann 1953 Cum Supp § 27.3178 [153]). * * *

"The purpose of CL 1948, § 722.612 (Stat Ann 1953 Cum Supp § 25.462), was quite different. It was to provide a chancery proceeding in lieu of the strict statutory and quasi-criminal proceeding to be taken advantage of by either parent to provide for the support of a child under the more enlightened policies under the direction of the friend of the court. The use of the word 'acknowledged' is accepted then in the usual common-law sense. The legislature, in specifically defining what 'acknowledged' means in CLS 1954, § 702.83 (Stat Ann 1953 Cum Supp § 27.3178[153]), would not have spelled it out had it been otherwise."

Defendant appeals and urges:

"The trial court erred in holding that the plaintiff can maintain her cause of action by virtue of the provisions of CL 1948, § 534.21 [722.612?] (Stat Ann 1953 Cum Supp § 25.462), and that it was not necessary for plaintiff to plead or establish that defendant had acknowledged that he was the father of the child in compliance with the provisions of CLS 1954, § 702.83 (Stat Ann 1953 Cum Supp § 27.3178 [153]) in order to maintain her action.

"The trial court erred in holding that the provisions of CLS 1954, § 702.83 (Stat Ann 1953 Cum Supp § 27.3178 [153]) did not apply to actions brought under the provisions of CL 1948, § 722.612 (Stat Ann 1953 Cum Supp § 25.462)."

There are 3 statutes dealing with illegitimate children that have a bearing upon the question involved

in this case. CL 1948, § 722.601 (Stat Ann § 25.451) is a quasi-criminal statute with its principal purpose to indemnify the public for the support of the child. Proceedings under this statute determine the father of the illegitimate child.

CLS 1954, § 702.83 (Stat Ann 1953 Cum Supp § 27.3178 [153]) provides a manner by which such a child may become legitimate, either by marriage of the parents, or acknowledgment of the parentage of the child. The statute provides that such acknowledgment shall be executed and acknowledged in the same manner as the law provides for the execution and acknowledgment of deeds of real estate. Such acknowledgment shall be recorded in the office of the judge of probate of the county in which such father or mother of such child is at the time a resident. One of the purposes of the statute was to abrogate the common-law rule under which a person not born in lawful wedlock could not inherit as an heir of the father.

The act under consideration provides that "whenever the father of an illegitimate child has acknowledged said child to be his child," and no order or arrangement for its support having been made, the mother may file a bill of complaint in the circuit court in chancery for a decree providing for the support of such child. Under this statute there is a condition precedent, namely, the acknowledgment by the child's father before the court has jurisdiction over the father. The act does not state the method of acknowledgment. The purpose of this act is to provide support for an illegitimate child. The act contains no provisions for the determination of paternity.

We note that plaintiff's bill of complaint asks for a finding that defendant is the father of the child, and that defendant in his answer denies that he is the father of the child. We also note that in the affi-

davit in support of the motion to dismiss plaintiff's bill of complaint, the statement is made that the child was conceived during wedlock of plaintiff and her now divorced husband. In our opinion the act in question proceeds on the assumption that there is no dispute as to paternity, and the only matter for the court to determine is the amount of support for the child. Under the pleadings in this case there is a dispute as to the paternity of the child. Before an order for its support can be made, the trial court would have to determine such issue. The act in question does not provide any method by which such determination can be made. We hold that the chancery court has no power to determine such an issue, and that when this issue appears in such a proceeding, the chancery court is without jurisdiction to proceed further with the case. It follows that the trial court was in error in denying defendant's motion to dismiss.

Under our decision in this case we do not find it necessary to determine the method of acknowledging the parentage of said child. The act in question could be amended by the legislative branch of our government to particularize the manner of acknowledgment.

The order of the trial court is reversed and an order will be entered dismissing plaintiff's bill of complaint. No costs are awarded as the construction of a statute is involved.

CARR, C. J., and BUTZEL, SMITH, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.